# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**FRANCIS GRANDINETTI,**                                                      **PLAINTIFF**

**V.**                             **NO. 2:05CV240-P-D**

**NORTHWEST MISSISSIPPI REGIONAL**
**MEDICAL CENTER, ET AL,**                **DEFENDANTS**

## O R D E R

Plaintiff, who is proceeding *pro se*, has moved to proceed *in forma pauperis* in a suit brought pursuant to 42 U.S.C. § 1983. On November 21, 2005, the court mailed to plaintiff certain forms pertaining to the Prison Litigation Reform Act (PLRA). Included in this mailing was a document which explained the provisions of the PLRA, and two forms with a space for plaintiff's signature. Both forms state that plaintiff has read the instructions and that he understands the provisions of the PLRA which may affect his decision as to whether or not he wants to pursue the complaint. The instructions further state that he is then supposed to elect whether or not he wants to continue with his case or voluntarily dismiss it. To do so he was supposed to sign either the form headed "Acknowledgment of Receipt and Certification to be Signed and Returned by the Plaintiff" if he wanted to continue prosecuting the case or sign the form headed "Notice of Dismissal" if he chose to voluntarily dismiss his complaint, and mail the signed form to the office of the clerk.

Plaintiff signed and returned both forms. Consequently it was impossible to ascertain whether he wants to continue with his case or whether he desires to have it voluntarily dismissed. Plaintiff was therefore ordered by Magistrate Judge Jerry Davis on December 1, 2005, to read the enclosed documents pertaining to the PLRA; then sign the proper form indicating whether he chose to continue with his lawsuit or whether he chose to have it voluntarily dismissed; then return one and

only one of the signed forms within 20 days of the date of the order. Plaintiff was warned that his failure to comply with the requirements of the order may lead to the dismissal of his lawsuit under Rule 41(b), Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with an order of the court.

Plaintiff on December 14, 2005, filed a pleading entitled "Plaintiff's Pro Se Motion for an Order and Injunction." In the motion he stated that he had met with certain of the defendants, that the grievance had not been settled, and that 30 days was needed for further resolution of the talks between the parties. He therefore stated that "[t]he deadline to sign and return the supplemental forms should be re-adjusted from December 20, 2005, to January 20, 2006."

Plaintiff has provided no basis whatsoever for the granting of a preliminary injunction. Additionally, there is no reason for extending the period for him electing whether or not he wants the case to proceed or be voluntarily dismissed. Any negotiations with defendants can , and should, be conducted after plaintiff elects to proceed with his case, not before he makes his decision. Grandinetti, before coming to the state of Mississippi, had filed at least 27 actions in various Federal District Courts and Courts of Appeals since 1996. *See*, U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. (Pacer).[1] Since arriving in Mississippi he has filed several other complaints in this court. Clearly he is familiar with the workings of the court and knows the importance of following the court's orders, but has failed to do so. Accordingly, it is
**ORDERED**:

1) plaintiff's "Motion for an Order and Injunction" is denied; and

---

[1] Not all federal courts are represented on this database, so Grandinetti may well have other cases than the 27 known to the court.

2) this complaint is dismissed pursuant to Rule 41(b), Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with an order of the court.

**SO ORDERED**, this the 27th day of December, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE